```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:18-00111

LABARON A. BULLEY

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On December 13, 2023, the United States of America appeared by Jonathan T. Storage, Assistant United States Attorney, and the defendant, Labaron A. Bulley, appeared in person and by his counsel, Louie Thompson Price, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Patrick M. Fidler. The defendant commenced a two (2) year term of supervised release in this action on February 14, 2022, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on November 7, 2018, and the Supervised Release Revocation and Judgment Order entered by the court on November 24, 2021.

The court heard the admissions of the defendant, and the representations and arguments of counsel. The court notes that the Government stated it would not pursue violation numbers 2 and 3 of the petition.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release by committing violations of state law in the following respects: (1) on or about March 17, 2022, the defendant engaged in domestic battery upon Tiffany Burnett; (2) on April 5, 2022, a domestic violence protective Order was entered in favor of Ms. Burnette as a result of the domestic battery charge set forth above, and on April 9, 2022, the defendant violated the Protective Order by contacting Ms. Burnette by text messages; and, (3) on June 28, 2022, the defendant violated the Protective Order by contacting Ms. Burnette at her home and throwing her phone on the ground causing her phone screen to break and contacting her by text messages; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS with no further term of supervised release.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 15, 2023

John T. Copenhaver, Jr.
Senior United States District Judge